**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CAPITALSOURCE FINANCE LLC | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-2028 |
| PITTSFIELD WEAVING COMPANY, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

This action involves a suit by CapitalSource Finance LLC ("Plaintiff") against Pittsfield Weaving Company ("Pittsfield")[1], and Gilbert and Susan Bleckmann (the "Bleckmanns") for breach of contract and related claims. Currently pending before the Court are Plaintiff's Motion to Compel Production of Documents (Paper No. 49), Plaintiff's Motion to Withdraw the Motion to Compel (Paper No. 60), the Bleckmanns' Motion for Certificate of Appealability (Paper No. 50), the Bleckmanns' Motion to Stay Proceedings (Paper No. 56), and the Bleckmanns' Motion to Shorten Time to Respond to the Motion to Stay (Paper No. 57).

## DISCUSSION

**A.     Motion for Certificate of Appealability**

In their Motion for Certificate of Appealability, the Bleckmanns ask the Court to certify its December 11, 2006 Order as a final order and permit them to appeal the ruling. To obtain certification for interlocutory review, a petitioner must demonstrate that there exists a controlling question of law about which there is a substantial ground for difference of opinion, and that an immediate appeal will materially advance the ultimate resolution of the case. *See United States v.*

---

[1] Pittsfield is currently in bankruptcy proceedings.

*Eltzroth*, 124 F.3d 632, 635 n.4 (4th Cir. 1997). Certification "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

Here, no such extraordinary circumstances exist. In its December 11, 2006 Order, the Court dismissed the Bleckmanns' counterclaims because they had no support in the law. Mem. Op. at 5-8. Further, the Court granted the Bleckmanns leave to amend their complaint to assert any counterclaims or affirmative defenses that are supported by the facts and the law, subject to Rule 11. Mem. Op. at 9. On December 21, 2006, the Bleckmanns filed their Amended Answer (Paper No. 48). The Bleckmanns apparently decided to forgo the opportunity to amend their counterclaims and defenses in the Amended Answer, and instead decided on the same day to file the instant Motion for Certificate of Appealability.

The Bleckmanns have not persuaded the Court that its ruling with respect to their counterclaims is so exceptional as to justify bifurcating this litigataion and permitting a piecemeal appeal on the issue. On the contrary, it is the opinion of the Court that judicial efficiency is promoted by waiting for a final disposition of all the issues in this case. Any prejudice that may result from allowing this litigation to run its course is outweighed by the potential cost and strain on judicial resources from the protracted litigation that will ensue if the Bleckmanns' motion is granted. As such, their Motion for Certificate of Appealability must be denied.

**B.     Motion to Stay Proceedings**

In their Motion to Stay Proceedings, the Bleckmanns argue that the case should be stayed because Pittsfield, the primary borrower, is currently engaged in bankruptcy proceedings. The Bleckmanns reason that because this action is premised on Pittsfield's obligation to Plaintiff, the

action must wait until the bankruptcy proceedings are completed. The Bleckmanns' reasoning is misplaced. The law makes clear that absent unusual circumstances, the automatic bankruptcy stay does not extend to guarantors of a bankrupt debtor. *See, e.g., Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th Cir. 1988). Therefore, the Bleckmanns, as guarantors of Pittsfield's obligations to Plaintiff, are not subject to the bankruptcy stay. Plaintiff has every right to pursue its claims against the guarantors. As such, the Motion to Stay must also be denied.

**C.    The Remaining Motions**

Remaining to be discussed are Plaintiff's Motion to Compel Production of Documents, Plaintiff's Motion to Withdraw the Motion to Compel, and the Bleckmanns' Motion to Shorten Time to Respond to their Motion to Stay. In light of Plaintiff's Motion to Withdraw, the Motion to Compel has now become moot. As such, the Court will grant the Motion to Withdraw and deny the Motion to Compel. Because Plaintiff responded to the Bleckmanns' Motion to Shorten Time within the time period requested by the Bleckmanns, that motion is also moot, and will be denied as such.

## CONCLUSION

For the reasons stated above, the Court will GRANT Plaintiff's Motion to Withdraw (Paper No. 60) and DENY-AS-MOOT Plaintiff's Motion to Compel (Paper No. 49). Further, the Court will DENY the Bleckmanns' Motion for Certificate of Appealability (Paper No. 50), DENY the Bleckmanns' Motion to Stay Proceedings (Paper No. 56), and DENY-AS-MOOT the Bleckmanns' Motion to Shorten Time (Paper No. 57). An Order Consistent with this Opinion will follow.

Date:  January 19, 2007                             /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge